# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LAWRENCE J. BURKE and GABRIELLE BURKE,

        Plaintiffs,

vs.                                 No. CV 98-1110 SC/DJS-ACE

UNITED STATES DEPARTMENT OF THE
INTERIOR, BUREAU OF LAND MANAGEMENT;
THE BOARD OF COUNTY COMMISSIONERS,
COUNTY OF SANTA FE; ELOY and SUZANNE H.
GARCIA; and all unknown claimants of any interest
in the Plaintiffs' Real Estate adverse to the Plaintiffs,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion to Dismiss Count II of Counterclaim, filed January 7, 1999 [Doc. No. 16], and Plaintiffs' Motion to Strike Jury Demand, filed January 19, 1999 [Doc. No. 19]. For the reasons set forth below, I shall grant the motion to dismiss and partially grant and partially deny the motion to strike.

## I.    Motion to Dismiss Count II of Counterclaim

Defendant Suzanne H. Garcia has not filed a response in opposition to Plaintiffs' motion to dismiss Count II of her Counterclaim (Action for Damages for Slander of Title and Physical Damage to Road).[1] Therefore, without taking any position on the motion's

---

[1] There is some confusion in the Record as to who has filed the Counterclaim. The Counterclaim itself explicitly is filed by Defendant Suzanne H. Garcia. However, in the Entry of Appearance filed on February 12, 1999, by John F. McCarthy, Jr., it is stated that Mr. McCarthy enters his appearance on behalf of

merits, pursuant to United States District Court, District of New Mexico, Local Civil Rule 7.5(b), Plaintiffs' motion to dismiss Count II of Defendant Suzanne H. Garcia's Counterclaim will be granted.

## II.    Motion to Strike Jury Demand

Plaintiffs' Complaint was filed September 14, 1998, and has two equitable counts--one for Quiet Title and one for Declaratory Judgment. On December 1, 1998, Defendants Eloy Garcia and Suzanne H. Garcia timely filed a demand for jury trial for all issues triable by jury. On December 28, 1998, Defendants Eloy Garcia and Suzanne H. Garcia filed their Answer. In the Answer, Defendant Suzanne H. Garcia filed her Counterclaim. Count I of the Counterclaim is for Declaratory Judgment to Establish Easement Rights and Count III is for Breach of Covenant of Good Faith and Fair Dealing. On January 19, 1999, Plaintiffs filed a motion to strike the jury demand.[2]

The Seventh Amendment preserves the right of trial by jury "[i]n Suits at common law, where the value in controversy . . . exceeds twenty dollars." U.S. Const. amend. VII. "Suits at common law" include "suits in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered." Feltner v. Columbia Pictures

_____

Plaintiffs/Counterdefendants in reference to the Counterclaim for Declaratory Judgment to Establish Easement Rights of Defendants Eloy Garcia and Suzanne H. Garcia. The Initial Pre-Trial Report, filed March 25, 1999, also states, in the "Nature of the Case" section, that the Counterclaim was filed by both Defendants Eloy Garcia and Suzanne H. Garcia. In this Opinion, I assume the Counterclaim was filed only by Defendant Suzanne H. Garcia, and that, as to the Counterclaim, it is only her jury trial rights which are at issue.

[2] In their Reply in Support of Motion to Strike Jury Demand, Plaintiffs' state that the Jury Demand was filed December 1, 1998; the Motion to Strike on December 10, 1998; and the Answer and Counterclaim on December 15, 1998. These last two dates are incorrect.

2

Television, Inc., __ U.S. __, __, 118 S.Ct. 1279, 1284 (1998) (internal quotations omitted); see Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156, 1159 (10th Cir. 1998). It is uncontested by the relevant parties that no right to jury trial attaches to either count of Plaintiffs' Complaint. Both counts are equitable in nature and in relief sought. Also uncontested, albeit implicitly, is that no jury trial right exists as to Count I of Defendant Suzanne H. Garcia's Counterclaim. Count I is clearly equitable. Finally, it also appears to be uncontested that a right to jury trial does exist as to the remaining count of Defendant Suzanne H. Garcia's Counterclaim--Count III. Count III of the Counterclaim is legal in nature and in remedy sought.

Both legal and equitable issues are present in this case. Consequently, if there is a trial in this case on the above actions, the Complaint and Count III of the Counterclaim will be tried to the Court, and Count I of the Counterclaim will be tried to a jury, with the jury's factual findings binding on all common issues. See Skinner v. Total Petroleum, Inc., 859 F.2d 1439, 1442-43 (10th Cir. 1988); see also Dairy Queen, Inc. v. Wood, 369 U.S. 469, 472-73 (1962); Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 510-11 (1959); Thomas v. Denny's, Inc., 111 F.3d 1506, 1513 (10th Cir. 1997).

**NOW, THEREFORE, IT IS ORDERED** that Plaintiffs' Motion to Dismiss Count II of Counterclaim (Action for Damages for Slander of Title and Physical Damage to Road) is GRANTED, and Count II of Defendant Suzanne H. Garcia's Counterclaim is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Jury Demand is

PARTIALLY GRANTED to the extent that it seeks to strike the jury demand of

Defendants Eloy Garcia and/or Suzanne H. Garcia for any trial of Plaintiffs' Complaint

and Count I of Defendant Suzanne H. Garcia's Counterclaim (Action for Declaratory

Judgment to Establish Easement Rights), and is PARTIALLY DENIED to the extent that

it seeks to strike the jury demand of Defendant Suzanne H. Garcia for any trial of Count

III of her Counterclaim (Action for Breach of Covenant of Good Faith and Fair Dealing).


_____
SENIOR UNITED STATES DISTRICT JUDGE



Counsel for Plaintiffs (and Counterdefendants): John F. McCarthy, Jr., White, Koch, Kelly & McCarthy, Santa Fe, NM, and Owen C. Rouse III and James S. Rubin, RUBIN, KATZ, SALAZAR, ALLEY & ROUSE, P.C., Santa Fe, NM.

Counsel for Defendants Eloy and Suzanne H. Garcia: Randolph B. Felker, FELKER, ISH, RITCHIE, & GEER, P.A., Santa Fe, NM.